# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50847
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MACK COLE, also known as Mack Cole, Jr., also known as Mack J. Cole,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-79-1

Before BENAVIDES, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

A jury found Mack Cole guilty of four counts of health care fraud. He appeals his within-guidelines sentence of 27 months in prison, asserting that it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he contends that the sentence fails to take into account his distinguished military service, the severe injuries he suffered during that service, and the difficulties that the Bureau of Prisons will have in continuing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50847

his medical treatment.  In addition, Cole argues that the court did not consider the decreased need for deterrence and protection of the public, given his advanced age, his lack of criminal history, his family support, and his compliant comportment during pretrial release.  He maintains that a sentence of probation would be appropriate in light of his personal circumstances.

As Cole concedes, he did not object to his sentence after it was imposed, and we therefore review for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Cole thus has the burden of showing a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of judicial proceedings.  *Id.*

Where, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness.  *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Cole's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to establish that the district court erred in balancing the applicable § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  He has not demonstrated that the district court committed a clear and obvious error by sentencing him to a within-guidelines sentence of 27 months in prison.  *See Puckett*, 556 U.S. at 135; *Peltier*, 505 F.3d at 391-92.  Consequently, the judgment of the district court is AFFIRMED.